IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TAJE LEONDAS DORTCH                                                    PETITIONER

V.                                                          NO. 3:20-CV-00269-GHD-DAS

STATE OF MISSISSIPPI                                                   RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Taje Leondas Dortch, a Mississippi inmate currently confined at the DeSoto County Jail, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he seeks to challenge the revocation of his probation. Having considered Petitioner's allegations and the applicable law, the Court determines that the instant petition should be dismissed for the following reasons.

### Background

In the instant petition, Petitioner provides no details as to the crime(s) that led to his incarceration.[1] He reports only that his probation was revoked on August 18, 2020, and that a judge sentenced him to a five-year term of imprisonment. He concedes that he has not filed an appeal or otherwise sought review from the state's highest court prior to filing the instant §2254 petition on or about October 7, 2020. In his petition, Petitioner argues that his revocation was unlawful because of an alleged due process violation. *See* Doc. # 1 at 5.

### Discussion

A prisoner must exhaust his available state court remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). This

---

[1] Offender information gleaned from using the "Inmate Search" feature of the Mississippi Department of Corrections' website indicates that Petitioner is serving a five-year sentence following a conviction for robbery. *See* https://www.ms.gov/mdoc/inmate (search "Taje Leondas Dortch") (last visited October 27, 2020).

exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). If a prisoner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of §2254(b) ensures that state courts have the opportunity fully to consider federal-law challenge to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

It is clear from his petition that Petitioner has not presented his federal habeas claims to the highest state court.[2] The Mississippi Uniform Post-Conviction Collateral Relief Act provides a method for an inmate to challenge the revocation of probation. *See* Miss. Code Ann. § 99-39-5(1)(h); *see also Walker v. State*, 35 So. 3d 555 (Miss. Ct. App. 2010). Thus, Petitioner has an available avenue through which to challenge the revocation of this probation, and this action must be dismissed for Petitioner's failure to exhaust his state court remedies. Petitioner is advised that, in order to exhaust his State court remedies, he must file a petition for post-conviction relief in the Circuit Court of DeSoto County, must await a ruling on such petition, and then must appeal any adverse decision to the Mississippi Supreme Court. *See* Miss. Code Ann. § 99-39-7.

In some "limited circumstances," courts may hold a habeas petition in abeyance while the petitioner exhausts his state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court notes, however, that the federal one-year statute of limitations will be tolled during the pendency of a properly filed State court post-conviction motion. *See* 28 U.S.C. § 2244(d)(2).

---

[2] Instead, Petitioner avers only that he filed a motion for post-conviction relief in the circuit court, and that said motion has not yet been ruled upon. The court additionally notes that Petitioner mistakenly asserts that his filing of the instant federal habeas petition constitutes exhaustion of state remedies. *See* Doc. # 1 at 3, 5.

Thus, Petitioner has sufficient time within which to exhaust his claims in State court and return to federal court if necessary, provided that he *diligently* pursues his claims in State court. Accordingly, no good cause exists to order a stay and abeyance in this matter.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Dortch must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Dortch must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

### Conclusion

Based on the foregoing discussion, the instant petition [1] is **DISMISSED without prejudice** for failure to exhaust state court remedies. All pending motions are **DISMISSED** as moot. The Court further **DENIES** a certificate of appealability. A final judgment consistent with this memorandum opinion and order will issue today.

**SO ORDERED**, this the 28th day of October, 2020.

---
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**